Hymah Barshay, J.
The above-mentioned defendant was indicted by the Grand Jury of Kings County for the crime of criminal contempt of court in violation of subdivision 6 of see *356 tion 600 of the Penal Law. The Grand Jury minutes upon which the action was taken were furnished to the attorney for the defendant. He now moves to dismiss the indictment.
The Second Additional March 1958 Grand Jury duly extended and in lawful session on the days when the defendant was a witness before it, was conducting a general investigation into the crimes of conspiracy and bribery in connection with a certain meeting of people at a cafe in the Borough of Brooklyn, County of Kings, on the 18th day of March, 1960. The defendant pursuant to a subpoena appeared before the said Grand Jury and was put under oath and then was asked by the assistant prosecutor in charge whether or not he was present at the cafe on the date in question. He refused to answer on the ground that it would tend to incriminate him. In his absence, the Grand Jury voted to confer immunity upon him. He was recalled to the stand, advised of the action of the Grand Jury and further advised that if he replied to the question, he would be ‘1 given the immunity the law permits.” The foreman of the Grand Jury then directed him to answer the question and he refused to comply on the identical ground theretofore urged by him. The Grand Jury then voted a true bill indicting him for criminal contempt in violation of subdivision 6 of section 600 of the Penal Law.
The defendant now urges that he was not granted the immunity coextensive with his constitutional privilege and that he was not fully informed as to the extent of the protection given him by the statute. There is no doubt that the defendant was entitled to receive from the District Attorney or the Grand Jury clear advice on his status and his constitutional rights. The Grand Jury minutes reveal that this was done and humanity was conferred upon him. The procedure followed here by the Grand Jury was approved in Matter of Second Additional Grand Jury (Cioffi) (10 A D 2d 425). At page 13 of the Grand Jury minutes, the District Attorney addressing the defendant said: ‘ ‘ Q. Mr. Franzese, so you can understand what is going on here; when you refused to answer questions before, you refused to answer them because they might tend to incriminate you, you had a legal right to give those answers. How, however, when the Foreman directs you to answer the question and you still refused to answer the question, you may be guilty of contempt of court. On the other hand, if you answer the question, then you toill be given the immunity the lato permits., ’
While the defendant was entitled to be informed that immunity according to the law was conferred upon him, he was not entitled to receive instructions with respect to the consequences *357 of his violations of the law. In affirming the court’s adjudication of contempt, Mr. Justice Brennan in the Matter of Cioffi (supra, pp. 436-437) wrote:
‘ ‘ It seems clear that where a witness or a prospective defendant has 'been called before the Grand Jury and proper and legal questions have been put to him and immunity has been properly conferred upon him, it is necessary that said witness or defendant be advised of the fact that immunity has been conferred upon him in order that his further refusal to answer the particular question or questions may constitute a basis for contempt.” (Italics ours.)
“ [A]nd in order to establish willful misconduct it is necessary to show that the witness or prospective defendant had knowledge of the fact that immunity had been conferred upon him. There is good authority for the proposition that before a witness or prospective defendant may be adjudged in criminal contempt, it must be established that he was advised of the fact that full immunity had actually been conferred upon him {People v. Brayer, 6 A D 2d 437).” (Italics ours.)
“It is our view that under all the circumstances here existing, each of these appellants was aware of the fact that by this direction to answer the question, immunity was being conferred upon him in accordance with the prosecutor’s prior statement that the Grand Jury was prepared to grant said immunity.” (Italics ours.)
The Grand Jury minutes therefore establish a prima facie case. “ The grand jury ought to find an indictment, when all the evidence before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury ” (Code Grim. Pro., § 251).
All other matters asserted in the moving affidavits giving the various grounds for the defendant’s position before the Grand Jury such as, “ he was a layman of limited education,” and that he was “ truly confused,” are matters of defense at the trial. In People v. Berson (308 N. Y. 918, 920) it was held that: ‘ ‘ defendant was properly convicted of a criminal contempt of court, although it is possible, and even probable, that his refusal to answer was because of a mistaken belief that he had a right so to do and, although it is possible, and even probable, that a truthful answer to the question would have shown his innocence of the alleged misconduct which the Grand Jury was investigating.”
The motion is in all respects denied.